IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CASE NO. 4:10-CR-38 (CDL) |
| GENE R. ROBINSON | * | |

O R D E R

During a probation revocation hearing on July 22, 2010, the United States Magistrate Judge ("Magistrate") revoked Defendant Gene Robinson's probation and sentenced Defendant to twelve months of imprisonment. Revocation Hr'g Tr. 6:4-9, July 22, 2010, ECF No. 33 [hereinafter Hr'g Tr.] Defendant appealed the sentence pursuant to Federal Rule of Criminal Procedure 58(g)(B), contending that it is procedurally and substantively unreasonable. For the reasons set forth below, the Court affirms the sentence imposed by the Magistrate.

PROCEDURAL BACKGROUND

On March 26, 2009, Defendant pleaded guilty to committing theft of government property, in violation of 18 U.S.C. § 641. Judgment, Apr. 9, 2009, ECF No. 5. The Magistrate sentenced the Defendant to twelve months of probation. *Id.* On May 5, 2009, the Government petitioned the Magistrate for action on Defendant's probation, recommending that the probation be revoked. Pet. for Action on Probation, May 5, 2009, ECF No. 7. After a revocation hearing, the Magistrate extended Defendant's probation for an additional twelve

months. Order, Nov. 19, 2009, ECF No. 17. Defendant does not challenge the original sentence or the first amendment to the sentence.

On April 9, 2010, the Government again petitioned the Magistrate for action on Defendant's probation, recommending that the probation be revoked. Pet. for Action on Probation, Apr. 9, 2010, ECF No. 18. The petition alleged that Defendant violated the terms of his probation by (1) leaving the judicial district without permission on two occasions, once to travel to Washington, DC, and once to travel to New Orleans, Louisiana, and (2) testing positive for a controlled substance on two occasions. *Id.* The Magistrate appointed counsel for Defendant. Order Appointing Counsel, May 18, 2010, ECF No. 21. After providing Defendant with notice through his counsel, the Magistrate held a revocation hearing on July 22, 2010. *See generally* Hr'g Tr.

During the revocation hearing, the Magistrate asked Defendant's counsel if she had received an adequate opportunity to consult with her client and to prepare; Defendant's counsel responded that she had spoken with Defendant and that she felt prepared to move forward with the case. *Id.* at 3:17-4:3. Defendant did not contest the allegations alleged in the Petition for Action on Probation. *Id.* at 4:4-10. In support of mitigation, Defendant stated that he was working full time, was attending school, and was doing much better

than he had when he violated the terms of his probation. *Id.* 5:12-6:3. He requested an extended term of probation rather than imprisonment. *Id.* at 5:25-6:3.

Based on Defendant's admission that he had violated the terms of his probation, the Magistrate revoked Defendant's probation and sentenced him to twelve months of imprisonment. *Id.* at 6:4-9. The Magistrate took the Federal Sentencing Guidelines ("Guidelines") under advisement "and determined that the advisory sentencing range upon revocation" was six to twelve months. *Id.* at 5:1-5. The Magistrate found that "an exception to the mandatory revocation provisions is not warranted" but noted that he had "exercised discretion in determining that this is the appropriate sentence." *Id.* at 6:10-13. The Magistrate determined "that the sentence as imposed is an appropriate sentence and complies with the factors that are to be considered as set forth at 18 USC, 3553(a) and that it adequately addresses the totality of the circumstances." *Id.* at 6:14-17. During the revocation hearing, neither Defendant nor the Government objected to the sentence or the manner in which it was imposed. *Id.* at 7:7-12.

## DISCUSSION

In this appeal, Defendant "is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). "The scope of the appeal is the same as in an appeal to the court of appeals from a

judgment entered by a district judge." *Id.* Accordingly, the Court must evaluate Defendant's "sentence for procedural and substantive reasonableness under an abuse of discretion standard." *E.g., United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Defendant has the burden to show that the sentence "is unreasonable in light of the record and the [statutory] factors." *E.g., United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing the sentence imposed by the Magistrate, the Court must first determine whether there was any significant procedural error below. *Gall*, 552 U.S. at 51. Examples of significant procedural error include: "failing to calculate (or improperly calculating) the [Federal Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Id.* If the sentencing decision is procedurally sound, then the Court must "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," taking "into account the totality of the circumstances." *Id.* "If the sentence is within the Guidelines range, the [C]ourt may, but is not required to, apply a presumption of reasonableness." *Id.*

4

Defendant contends that the sentence imposed by the Magistrate is both procedurally and substantively unreasonable. The Court addresses each argument in turn.

## I. Is Defendant's Sentence Procedurally Unreasonable?

Defendant argues that his sentence is procedurally unreasonable because (1) the Magistrate failed to ask whether Defendant had reviewed his revocation report with counsel prior to the sentencing, (2) the Magistrate did not consider the mitigating evidence presented, and (3) the Magistrate did not set forth a sentencing rationale.

### A. Verification That Defendant Reviewed Revocation Report

At sentencing, a court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). The Court assumes for purposes of this appeal that the Magistrate has a duty under Rule 32(i) to verify that a defendant has read and discussed a revocation report prior to a probation revocation hearing. The Court concludes, however, that any error on this point by the Magistrate does not mandate a reversal of Defendant's sentence.

It is undisputed that the Magistrate did not specifically ask Defendant or his counsel whether they had read and discussed Defendant's revocation report. Nothing in the record affirmatively

5

demonstrates that Defendant had an opportunity to review a "revocation report" or "PSR" with his counsel. Nonetheless, Defendant has not demonstrated that any error by the Magistrate affected his substantial rights. He argues that the "oversight was prejudicial in that an appropriate inquiry was never made into whether [Defendant] was given an opportunity to actively participate in his legal representation during the sentencing process." Def.'s Br. 9, ECF No. 36. Defendant does not, however, assert that he was actually unable to participate during the sentencing process, that errors existed in the revocation report, or that he did not have an opportunity to counter the revocation report.

Defendant does not assert that the revocation report was incorrect in determining Defendant's criminal history for purposes of calculating his Guidelines sentencing range; at the revocation hearing, Defendant did not object to the Magistrate's finding that Defendant was convicted of a grade C violation and that his "original criminal history was in category 4." Hr'g Tr. 5:1-5. Defendant has not pointed to any errors or omissions in the revocation report, and he has not explained how such errors or omissions would have impacted his sentence. He has also not explained what supplemental information he would have conveyed prior to sentencing that could have affected the outcome of the sentencing proceeding. Moreover, the Magistrate gave Defendant an opportunity to make a statement

after explaining the Guidelines sentencing range but prior to sentencing, and Defendant provided the Magistrate with information about his education and work progress. *Id.* at 5:12–6:3. The Court concludes that any error by the Magistrate did not affect Defendant's substantial rights.

### B. Consideration of Mitigating Evidence

Under 18 U.S.C. § 3553(a)(1), the sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider, among other things, "the need for the sentence imposed" to ensure that it reflects "the seriousness of the offense," promotes "respect for the law," provides "just punishment for the offense," affords "adequate deterrence to criminal conduct," protects "the public from further crimes of the defendant," and provides "the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant argues that the Magistrate must have ignored the § 3553(a) factors because the Magistrate declined to give Defendant a sentence below the Guidelines range, despite Defendant's post-offense rehabilitation. The Court disagrees. It is clear from the record that the Magistrate listened to Defendant's mitigating evidence, both from Defendant's counsel and from Defendant himself.

7

Hr'g Tr. 4:11-15, 5:12-6:3. After hearing that evidence, the Magistrate found that an exception to the mandatory revocation provisions was not warranted, *id.* at 6:10-11, and determined that a twelve-month prison sentence complied with the § 3553(a) factors and addressed the totality of the circumstances, *id.* at 6:14-17. The Magistrate's decision to order imprisonment rather than extend Defendant's probation does not mean that the Magistrate failed to consider the mitigating evidence, particularly in light of the undisputed facts that (1) Defendant had previously violated the terms of his probation and received only an extended probation, (2) Defendant admitted that he violated the terms of his extended probation four times during the first few months after his original probation revocation, and (3) Defendant admitted that he tested positive for a controlled substance only four months before the revocation hearing, even though he represented to the Magistrate that he had "been doing very well" for the previous six months, Hr'g Tr. 5:23-25.

### C. Explanation of Sentencing Rationale

Under 18 U.S.C. § 3553(c), a "court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Here, Defendant contends that the Magistrate did not adequately state the reasons for the twelve-month prison sentence, which was within the Guidelines

8

sentencing range; Defendant argues that the Magistrate thus treated the Guidelines as mandatory rather than advisory. The Court disagrees. The Magistrate explained that he made his findings based on Defendant's admissions regarding the probation violations. Hr'g Tr. 6:6-9, 7:3-6. The Magistrate found that no exception to the mandatory revocation procedures was warranted, *id.* at 6:10-11, and explained he had considered the § 3553(a) factors and the totality of the circumstances, *id.* at 6:14-17. The Court finds that the Magistrate's explanation for imposing a within-Guidelines-range sentence was sufficient. For all of these reasons, the Court concludes that Defendant's sentence is procedurally reasonable.

## II. Is Defendant's Sentence Substantively Reasonable?

Having found that Defendant's sentence is procedurally reasonable, the Court turns to the question whether the sentence is substantively reasonable. In conducting its substantive reasonableness review, the Court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. "If the sentence is within the Guidelines range, the [C]ourt may, but is not required to, apply a presumption of reasonableness." *Id.*

The sentence here is within the Guidelines range, and the Court concludes that it is presumptively reasonable. Nonetheless, Defendant argues that the Magistrate ignored mitigating evidence and

9

should have departed from the Guidelines range. As discussed above, the record does not demonstrate that the Magistrate ignored mitigating evidence. It simply suggests that the Magistrate did not find that the mitigating evidence outweighed the undisputed facts that (1) Defendant had previously violated the terms of his probation and received only an extended probation, (2) Defendant admitted that he violated the terms of his extended probation four times during the first few months after his original probation revocation, and (3) Defendant admitted that he tested positive for a controlled substance only four months before the revocation hearing, even though he represented to the Magistrate that he had "been doing very well" for the previous six months, Hr'g Tr. 5:23-25. For all of these reasons, the Court concludes that the twelve-month prison sentence is substantively reasonable.

## CONCLUSION

For all of the foregoing reasons, Defendant's sentence is AFFIRMED.

IT IS SO ORDERED, this 30th day of November, 2010.

                                    S/Clay D. Land
                                      CLAY D. LAND
                       UNITED STATES DISTRICT JUDGE